————o-o-o————

## BULKLEY & CLAFLIN *vs.* DINGMAN and others.

By written articles of agreement, three persons entered into a special partnership, to continue for a certain limited period; one was a special partner, the others were general partners, and the business was to be conducted in the joint names of the general partners. In a short time afterwards, and before the limited period, a *second* agreement was entered into between them, by which it was agreed that one of the general partners should sell out to the special partner, and should withdraw from all active participation in the business, and that the special, should become a general partner; but that the partnership should not be dissolved until certain notes, given by the firm, should be paid; and that in the mean time the partner who sold out should allow his name to be used as one of the firm, for business purposes, purchasing goods, &c. and giving notes therefor, and the business was continued without any change in the name of the firm. Goods were purchased, and notes therefor given by the two remaining partners, in the original name of the firm, before the expiration of the time limited for the continuance of the original partnership, and before the payment of all the notes mentioned in the second agreement: *Held,* that the *second* agreement made all three of the parties *partners* as to third persons until the notes alluded to therein should be paid; and that all three of the parties were liable on the notes thus given for goods purchased by the new firm.

Bulkley *v.* Dingman.

THIS was a motion, made upon a case, to set aside the report of a referee. The action was assumpsit, brought by the plaintiffs against the defendants, Dingman, Bodine and Martino, as composing the firm of Dingman & Bodine, to recover the amount claimed to be due on two promissory notes, one dated May 12, 1847, by which Dingman & Bodine promised to pay, three months after date, to the order of Bulkley & Claflin, $420,20; and the other dated five days afterwards, by which the same makers promised to pay, three months after date, to the order of the same payees, $520. On this last note was an indorsement, Sept. 9, 1849, of $70,81, signed *Bulkley & Claflin.* The defendant Dingman pleaded *non-assumpsit ;* and the cause was by consent of parties referred to a sole referee. It was admitted that on the trial of the cause before the referee the following facts were proved: 1. That the plaintiffs were partners under the firm of Bulkley & Claflin, at the time of the sale of the goods for which the two notes were given, and at the date of those notes. 2. That the signature to the said two notes was in the hand-writing of John M. Bodine. 3. That John H. Dingman, John M. Bodine and Gabriel Martino, executed two agreements which were read in evidence by the plaintiffs' counsel; the first bearing date December 4, 1846, and the second bearing date February 26, 1847. The *first* was an agreement between Dingman, Bodine and Martino, to enter into a limited or special partnership, pursuant to the provisions of the revised statutes, "for the transaction of the business of retail dry goods merchants in the city of New-York, to be conducted under the name and firm of Dingman & Bodine." Dingman and Bodine were to be interested in the partnership as general partners, and Martino was to be interested therein as a special partner only; and it was agreed that the partnership should commence on the 4th of December, 1846, and should terminate on the 4th of December, 1849. The *second* agreement was between the same parties, reciting the *first* agreement, the filing of the certificate of partnership, and the publication of the notice thereof according to law; and reciting also that Dingman was desirous of withdrawing from all active participation in the business, and of assigning

his present and future interest therein to Martino, who was desirous of becoming a general partner in the business, and the present parties were willing thereto, but it was deemed advisable not to dissolve said partnership until after the payment of certain notes which were given by the said firm of Dingman & Bodine, at or about the time of the formation of said partnership of Dingman & Bodine as aforesaid, a schedule or list of which was thereto annexed, marked A., and in the mean time that said John H. Dingman should allow his name to be used as a partner, for the benefit of the other parties to the agreement. The first, second and third articles of this *second* agreement, related to matters of arrangement between the parties to that instrument; but by the *fourth* it was mutually agreed that the said firm of *Dingman & Bodine* should continue as theretofore, until the notes and liabilities mentioned in the schedule A., or such other notes as might be taken in renewal thereof, should be fully paid and discharged; when (but not until then, unless by consent or at the option of Bodine and Martino) said firm and partnership should be publicly dissolved, and public notice thereof given in the manner prescribed by law, for the dissolution of limited partnerships, before the expiration of the time limited in the certificate of the formation thereof. And thereupon the name of the said John H. Dingman should be withdrawn as one of said firm. That until said notes and liabilities, or notes and liabilities given in renewal or place thereof, should be fully paid, *and until the public dissolution of such partnership*, as therein provided for, *Dingman* should and would, and thereby did allow and consent, that *his name* should be used, by *Bodine* and *Martino*, as one of said partners or firm, for the benefit of *Bodine* and *Martino*, for *business purposes, purchasing dry goods and stock for their business, and giving notes or obligations therefor*, and in renewal thereof; but that Dingman should not, from the execution and delivery of that instrument, be interested in, entitled to, intermeddle, or interfere with, directly or indirectly, any of the [then] present or future property or effects of said partnership of Dingman & Bodine, or in the profits or gains thereof, or of said business. The *fifth, sixth, seventh* and *eighth* articles,

were merely arrangements between the parties; but by the *ninth*, Dingman covenanted and agreed with Martino and Bodine, that he would not thereafter intermeddle or interfere with their business, *so to be* carried on under said name of Dingman & Bodine, and would allow them *to use his name as a partner in said business, until the public dissolution thereof*, as therein provided for, and would not do any act, matter or thing, to prejudice, hinder or impair the use of his name as such partner in said business, by them.    It was further proved before the referee, 4. That after the execution of this second agreement, Dingman left the city of New-York, and had not personally participated or been engaged in business in New-York since that time. 5. That the two notes referred to were for dry goods purchased from the plaintiffs, by Bodine and Martino, in the name of the firm of Dingman & Bodine, for the business carried on at their usual place of business, in the name of Dingman & Bodine, pursuant to the *second* agreement above mentioned.    6. That at the time of the purchase of the goods, and giving the notes therefor, some of the notes mentioned in schedule A. annexed to the *second* agreement, (Feb. 26, 1847,) were outstanding and unpaid.    The two notes, copies whereof were annexed to the declaration, were produced and read in evidence; the counsel for the defendant Dingman objected, but the referee overruled the objection, and the counsel excepted.    The cause was submitted to the referee, who reported as due to the plaintiffs from the defendants, the sum of $963,75.

*F. R. Tillou*, for the plaintiffs.

*A. Schell*, for the defendant Dingman.

*By the Court*, MITCHELL, J.    On the 4th of December, 1846, Dingman, Bodine and Martino entered into a special partnership, to continue for three years, in which Martino was the special, and the other two the general partners, and the business was conducted in the name of Dingman & Bodine.    On the 26th of February, 1847, they agreed that Dingman should withdraw,

and Bodine and Martino should carry on the business, but that it was advisable *not to dissolve the former partnership,* until after the payment of certain notes given by Dingman & Bodine ; and in the mean time Dingman should *allow his name to be used as a partner;* that the firm should continue as theretofore, until said notes should be fully paid, when, *and not until then,* the firm should be publicly dissolved ; and that until the public dissolution of the partnership, Dingman should allow his name to be used in purchasing goods, and giving notes therefor.

This last agreement, clearly, made all three of the parties partners as to third persons, until the notes alluded to should be paid : these notes were not paid, and the two notes on which this action is brought were given in the name of Dingman & Bodine, for goods bought for the new firm. The referee was therefore right in finding for the plaintiffs ; and his report should be confirmed with costs.

